UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

United States of America,

Plaintiff,

vs. ORDER OF DETENTION

Kelly James Michael Jones,

Defendant. Crim. No. 01-05 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the conduct of a Preliminary Revocation Hearing, and the conduct of a Detention Hearing, pursuant to the Government's Motion that the Defendant be detained, without bail, pending further proceedings. See, Rule 32.1(a)(6), Federal Rules of Criminal Procedure; Title 18 U.S.C. §3142(f). The referenced Hearings were conducted on April 27, 2005, at which time, the Defendant appeared personally, and by Craig S. Hunter, Esq., and the Government appeared by David P. Steinkamp, Assistant United States Attorney.

For reasons which follow, we find probable cause to believe that the Defendant committed the offenses charged in the Petition which led to his arrest, and we conclude that the Defendant should be detained pending further Court proceedings.

## II. Discussion

A. Probable Cause. On November 28, 2001, the Defendant was sentenced by the District Court, the Honorable Ann D. Montgomery presiding, upon his conviction for the robbery of a Credit Union, in violation of Title 18 U.S.C. §2113(a). Following his release from Federal incarceration, his Probation Officer, Matthew T. Whiting ("Whiting"), explained the terms and conditions for his Supervised Release. Among those terms and conditions, the Defendant was directed to refrain from any unlawful use of a controlled substance, and was directed to participate in a program for drug abuse at the direction of his Probation Officer. Notwithstanding those directives, on November 24, and December 7, 2004, the Defendant's urine specimens tested positive for marijuana use. In addition, the Defendant failed to complete chemical dependency counseling, and absented himself from the supervision of Whiting such that Whiting had no knowledge of the Defendant's whereabouts.

The Defendant offers nothing to contradict these showings, and we are satisfied that probable cause exists that the Defendant committed the offenses, which are

recited in the Petition that led to his arrest. Accordingly, the Defendant is held to answer those charges at a Revocation Hearing to be scheduled by the District Court.

2. Pretrial Release or Detention. In determining whether there are conditions of release that will reasonably assure the appearance of the person as required, and the safety of any other person and the community, the Judicial Officer is to take into account and weigh the following factors: the nature and circumstances of the offense charged; the weight of the evidence against the person; the history and characteristics of the accused, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and, the nature and seriousness of the danger to any person or the community that would be posed by the accused's release. Title 18 U.S.C. §3142(g); United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003).

Detention may be based upon a showing of either dangerousness or risk of flight. A finding that each is present is not essential to a determination for detention. United States v. Cantu, 935 F.2d 950, 951 (8th Cir. 1991); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986); United States v. Rueben, 974 F.2d 580, 586 (5th Cir.

1992), cert. denied, 507 U.S. 940 (1993); United States v. Jessup, 757 F.2d 378, 380, 388 (1st Cir. 1985)(sustaining pretrial detention without bond on appearance ground alone), abrogated on other grounds, United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990); United States v. Cashin, 739 F. Supp. 1107, 1111 (E.D. Mich. 1990); United States v. Kouyoumdjian, 601 F. Supp. 1506, 1508-10 (C.D. Cal. 1985); but cf., United States v. Orta, 760 F.2d 887, 891 n. 19 (8th Cir. 1985)(Question expressly left open).

A defendant will be detained, pending a Trial, only if the Government demonstrates, by clear and convincing evidence,[1] that no release condition, or set of conditions, will reasonably assure the safety of a person or the community-at-large or, by a preponderance of the evidence, that there are no conditions which will reasonably assure that defendant's appearance. United States v. Salerno, 481 U.S. 739, 754 (1987); United States v. Abad, supra at 797; United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003).

Here, Whiting testified, without contradiction, that the Defendant presented two urine specimens that tested positive for marijuana and, shortly thereafter, discontinued submitting urine samples for testing. Further the Defendant fled from his supervision

[1]Clear and convincing evidence is something more than proof by a preponderance of the evidence, but less than proof beyond a reasonable doubt. Addington v. Texas, 441 U.S. 418, 429 (1979).

by Whiting, such that Whiting was unaware of the Defendant's whereabouts. The Defendant failed to complete the Court-ordered program of chemical dependency counseling, and there is probable cause to believe that he resumed a course of chemical abuse in the form of marijuana. Assertedly, the Defendant did complete a course of anger management, but when we announced our ruling from the Bench, the Defendant resorted to vile, vulgar, and violent commentary, about the Court, Whiting, and the Defendant's continued chemical abuse.

Although the Defendant called his girlfriend, Miranda Gumtow ("Gumtow"), to testify that she would provide a residence for the Defendant, and would monitor his activities so as to report any further violations of the terms and conditions for his supervised release, we do not find Gumtow's testimony credible. For example, she testified that she learned of the Defendant's positive urine specimens and, upon criticizing the Defendant for such conduct, the Defendant absented Gumtow's home until he chose to return. On this Record, we find it highly unlikely that the release of the Defendant to Gumtow's residence would have any other effect than in continuing his disregard for the terms and conditions of supervised release, and would pose a distinct, and unreasonable, risk to the safety of the community. Frankly, given the

Defendant's vulgar outburst in the civil setting of the Courtroom, we consider his release to be highly inimical to the safety of the community.

Under Rule 32.1(a)(6), Federal Rules of Criminal Procedure, "[t]he burden of establishing that the [Defendant] will not flee or pose a danger to any other person or to the community rests with the [Defendant]." Here, the Defendant failed, by an extremely wide margin, to carry that burden. He absented himself from supervision, without providing Whiting any residential address where he could be located, and we are fully persuaded that, left to his own devices, he would do so again. Further, he chose to resume chemical abuse rather than to abide by his Court-ordered chemical dependency counseling, thereby exposing the community to the real dangers that arise from his resumed substance abuse. Lastly, absent a program of effective anger management, the Defendant also poses a risk of endangerment to anyone who, by all appearances, should say or do something not to the Defendant's liking.

Therefore, we find by clear and convincing evidence, as corroborated by the Defendant's grossly aberrant conduct, at the close of the Hearing, that the Defendant presents an unreasonable risk of endangerment to the community, and an unreasonable risk of flight, which cannot be reasonably controlled by any condition, or set of

conditions, for his release. Accordingly, the Defendant is committed to the custody of the United States Marshal Service pending his Revocation Hearing.

NOW, THEREFORE, It is --

ORDERED:

1. That, having found probable cause that the Defendant committed the violations charged in the Petition which led to his arrest, we hold him to answer to those charges at a Revocation Hearing, pursuant to Rule 32.1(b)(2), Federal Rules of Criminal Procedure, to be scheduled before the District Court.

2. That the Government's informal Motion for Detention Without Bail Pending Hearing is GRANTED.

3. That the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

4. That the Defendant be afforded a reasonable opportunity for private consultation with defense counsel.

5. That, on the Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility shall

deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

BY THE COURT:

Dated: April 27, 2005

s/Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE